**Moses K. MOKE, Plaintiff–Appellant,**

v.

**UNITED STATES of America; et al., Defendants–Appellees.**

No. 06–15462.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 24, 2007.

Moses K. Moke, Hilo, HI, for Plaintiff–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Rachel S. Moriyama, AUSA, Office of the U.S. Attorney PJKK Federal Building, Kumu B. Vasconcellos, Esq., Office of the Hawaii Attorney General Land/Transportation Division, Honolulu, HI, for Defendants–Appellees.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Moses K. Moke appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the United States, President George Bush, the state of Hawaii, and Governor Linda Lingle violated his civil rights by enacting, enforcing and amending the Hawaiian Homes Commission Act of 1920. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Arakaki v. Lingle*, 477 F.3d 1048, 1056 (9th Cir.2007) (dismissal for lack of standing), and we affirm.

The district court properly dismissed Moke's action because Moke failed to allege facts demonstrating that he has satisfied the requirements of Article III standing. *See Arakaki* at 1059 (to have standing, a plaintiff must allege that "he has suffered concrete injury, that there is a causal connection between his injury and the conduct complained of, and that the injury will likely be redressed by a favorable decision."); *see also Smelt v. County of Orange*, 447 F.3d 673, 682 (9th Cir.2006) ("The burden of showing that there is standing rests on the shoulders of the party asserting it.").

The district court properly determined that Moke, a native Hawaiian, lacks standing to bring an equal protection claim on behalf of non-Hawaiians. *See Carroll v. Nakatani*, 342 F.3d 934, 940–41 (9th Cir. 2003) (holding that "even if a government actor discriminates on the basis of race, the resulting injury accords a basis for standing only to those persons who are personally denied equal treatment."); *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474–75, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (holding that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). The district court also properly determined that Moke failed to demonstrate a causal connection between his alleged injury—that he was denied succession to his deceased wife's Hawaiian Homestead lease—and the conduct of the state and federal defendants. *See Arakaki*, 477 F.3d at 1059.

Moke's remaining contentions lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.